## GENERAL COURT, OCTOBER, TERM, 1799.

### NEGRO PLATO *vs.* BAINBRIDGE.

APPEAL from the county court of Frederick, from a judgment in that court, *dismissing* the petition filed therein for freedom, by the present appellant.

A case, embracing the following facts, was submitted to the county court for their opinion, viz. That a certain *Peter Bainbridge,* a citizen of the United States, was a resident of the state of *South Carolina,* long before, and until the month of April 1791, and did rightfully during his said residence, hold and possess, as his own proper slave, negro *Plato,* the petitioner, now of the age of sixteen years, who was born in the said state, and therein resided from his birth until the month of April aforesaid. That in the month of April 1791, the said *Bainbridge* removed from the said state of S. C. into this state, with a *bona fide* intention of settling here; and upon his said removal he brought with him the said negro *Plato,* claiming and holding him as a slave. That upon his removal into this state as aforesaid, the

first county into which the said *Bainbridge* brought the said negro *Plato* was the county of Montgomery. That the said *Bainbridge* resided in Frederick county, in this state, for two years after his said removal into this state as aforesaid; and in the month of November 1791, sold the said negro *Plato* to the defendant, who then resided and still resides in Frederick county aforesaid, and who holds and claims the said negro *Plato* as a slave. That the said *Bainbridge*, on the 17th of February 1795, and not before, did by his own oath, fully prove to the satisfaction of *James Maccubbin Lingan*, who was then and at the time of the removal of the said negro *Plato* into this state as aforesaid, collector and naval officer under the government of the United States for the district and port of George-Town, in Montgomery county aforesaid, the residence of the said negro *Plato* in some one of the United States for the space of three whole years next preceding and antecedent to his coming into this state. That the said *Peter Bainbridge*, on the 3d of August 1796, and not before, did fully prove to the satisfaction of *John Ritchie*, being then and at the time of the importation as aforesaid, collector of the tax for Frederick county aforesaid, by the oath of one credible witness, the residence of the said negro *Plato* in some one of the United States for the space of three whole years next preceding and antecedent to his coming into this state.

The County Court, upon the preceding statement, gave judgment that the petitioner was not entitled to his freedom, and *dismissed* the petition; from which judgment this appeal was prosecuted.

*Mason*, for the Appellant.

*Chaaff*, for the Appellee.

The GENERAL COURT *affirmed* the judgment of the County Court.

The act of assembly of this state in force at the time, and operating upon this case, was the act of April session 1783, *ch.* 23, by which it was enacted, "that it shall not be lawful, after the passing of this act, to import or bring into this state, by land or water, any negro, mulatto, or other slave, for sale, or to reside within this state; and any person brought into this state as a slave contrary to this act, if a slave before, shall thereupon immediately cease to be a slave, and shall be free; provided that this act shall not prohibit any person, being a citizen of some one of the United States, coming into this state with a *bona fide* intention of settling therein, and who shall actually reside within this state for one year at least, to be computed from and next suc-

Oct. 1799.

Negro Plato
vs.
Bainbridge.

ceeding his coming into the state, to import or bring in any slave or slaves which belonged to such person, and which slave or slaves had been an inhabitant of some one of the United States for the space of three whole years preceding such importation; and the residence of such slave in some one of the United States for three years as aforesaid, antecedent to his coming into this state, shall be fully proved to the satisfaction of the naval officer or collector of the tax, by the oath of the owner, or some one or more credible witness or witnesses; provided always, that nothing herein contained shall be construed or taken to set any slave free, who is brought into this state by any person travelling through this state, or sojourning therein for a short time, such slave not being sold or otherwise disposed of in this state, but carried by the owner out of this state."

Other acts passed since April, 1791—November 1791, *ch.* 57; 1794, *ch.* 43; 66; 1796, *ch.* 67; 1797, *ch.* 15; and 1798, *ch.* 76.